OPINION
On October 28, 1999, the Stark County Grand Jury indicted appellant, Shannon Mount, on one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an incident involving appellant's live-in girlfriend, Michelle Anne Greenwell. A jury trial commenced on January 18, 2000. The jury found appellant guilty as charged. By judgment entry filed January 21, 2000, the trial court sentenced appellant to eleven months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY:
 (A) FAILED TO OBJECT TO THE IMPROPER CLOSING ARGUMENTS OF THE PROSECUTING ATTORNEY.
 (B) FAILED TO ADEQUATELY CROSS-EXAMINE THE ALLEGED VICTIM REGARDING THE CO-HABITATION OF THE PARTIES.
 II. THE DEFENDANT'S CONVICTION ON ONE COUNT OF DOMESTIC VIOLENCE, A FELONY OF THE FIFTH DEGREE, WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 I
Appellant claims he was denied the effective assistance of counsel. We disagree. The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Appellant first claims his trial counsel was ineffective for failing to object to comments made by the prosecutor during closing argument. Appellant argues the prosecutor improperly invited the jury to focus on the victim's state of mind, and cites the following comment as an example: Well, let's go to her state of mind at the time. Put yourself in that particular situation. How would you emotionally be? How would you be able to tell, to write a complete in-depth detailed statement? But she was very consistent. The officer's testimony corroborated her testimony as to what happened that night.
T. at 122.
During the cross-examination of the victim and Steve Wolf, Police Chief for the Uniontown Police Department, defense counsel pointed out that the victim's written statement, made on the day of the incident, contained omissions from her direct testimony at trial. T. at 95, 100, 111. At first blush, the complained of comment appears to violate the "golden rule" of asking jurors to place themselves in the stead of the victim or party. However, given the cross-examination and the context of the comment, we find no prejudice assignable to the comment. Secondly, appellant argues his trial counsel ineffectively cross-examined the victim on the issue of cohabitation. Appellant was charged with "attempt to cause physical harm to a family or household member." R.C.2919.25(A). A "family or household member" is defined in pertinent part as "[a] spouse, a person living as a spouse, or a former spouse of the offender" "who is residing or has resided with the offender." R.C. 2919.25(E)(1)(a)(i). "A person living as a spouse" is defined in R.C. 2919.25(E)(2) as follows: `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.
On direct, the victim testified she lived with appellant during September and October of 1999. T. at 81. The victim explained she and appellant lived at the apartment where the incident occurred for three to five days prior to the incident. Id. Appellant testified they were exclusively boyfriend and girlfriend at this time, shared expenses and were involved in sexual relations with each other. T. at 81-82. Admittedly, the cross-examination of the victim did not include the issue of cohabitation. The entire thrust of the defense was the inconsistencies between the victim's written statement and her testimony at trial, and the lack of any evidence of physical injuries such as medical reports and/or photographs. T. at 125-127. The issue of cohabitation is a non-issue because when appellant was arrested the day after the incident, the police found him at the apartment in bed asleep behind locked doors. T. at 114. The victim testified she and appellant lived together in September and October of 1999 and the incident occurred at the apartment at the end of October, 1999. There would have been no legitimate reason to question the issue of cohabitation. Upon review, we find no evidence of ineffective assistance of counsel. Assignment of Error I is denied.
 II
Appellant claims his conviction was against the sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. At trial, the victim testified appellant had twice hit her on the buttocks with a clothes hanger and hung her over the bannister in the hallway where she could have fallen to the floor below. T. at 84, 87. Appellant argues this testimony lacked credibility because she did not include these facts in her written statement to police. Although these facts were not included in the written statement, the victim claimed she told the police. T. at 95. After the victim was struck with the clothes hanger and hung over the bannister, appellant poured pop and beer all over the victim and slammed her to the ground. T. at 87. The victim's injuries included a bruised knee and a bruised hand. T. at 89. Chief Wolf testified he investigated the domestic call and found the victim to be "emotionally upset. She was crying, she was shaking." T. at 103. He observed the victim's right knee and right hand palm were red. T. at 105, 107. Chief Wolf admitted that the victim had told him that appellant had "slapped her on the buttocks real hard." T. at 110. When appellant was arrested, he admitted to the altercation between himself and the victim. T. at 114. Upon review, we find sufficient evidence through the direct testimony of the victim and the observations of Chief Wolf to support the conviction for domestic violence. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 _____________________ Farmer, J.
By Hoffman, P.J. and Edwards, J. concur.